## PAUSE v. WILLIAMS.

(Supreme Court, Appellate Term.   April 8, 1910.)

GAMING (§ 49*)—ACTION ON NOTE—LEGALITY OF CONSIDERATION—EVIDENCE.
   Evidence in an action on a note, alleged by defendant to have been given for a gambling debt, *held* insufficient to show the legality of the consideration.
   [Ed. Note.—For other cases, see Gaming, Cent. Dig. §§ 100–102; Dec. Dig. § 49.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by William Pause against Sidney Williams.   Plaintiff had judgment, and defendant appeals.   Reversed.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

O'Neil & O'Neil, for appellant.

David Bernstein, for respondent.

GAVEGAN, J.   The action was on a promissory note for $180. The defense is that the note was given for a gambling debt, and therefore void.   The plaintiff introduced the note, and, after proving the interest due, rested.   The defendant then testified in his own behalf that on March 11, 1909, when the check was given, he sent it to the plaintiff by one Hughes, who testified that he delivered it to the plaintiff at his saloon, where he was tending bar.   Inclosed with the check for $180 the defendant also sent a letter, explaining that the check was "to pay yesterday's losses, and also a list of bets for to-day, which amounts to $250."   This letter was not offered in evidence; but defendant's witness Hughes, without objection, testified defendant told him that the envelope contained a check, covering what he lost the day before "on the ponies."·   At this point the defendant offered in evidence, without objection on the part of the plaintiff, and without any explanation as to whether it was genuine, a telegram, which was delivered to defendant, in all probability in answer to the letter which the defendant testified he had sent to the plaintiff, and which read:

"My place would not extend my credit as far as $250, so all bets are off."

This was signed in the name of the plaintiff.   The defendant testified that bets were received over the telephone, and that he bet in plaintiff's place of business many times.   He did not know that plaintiff was a bookmaker at the time, but he claims he bet with the plaintiff direct.

Plaintiff testified on his own behalf, and his testimony was merely a denial of everything testified to by defendant, including the sending of the telegram in evidence, and a statement that he gave defendant cash for the check.   He was a most interested witness, being interested, not only in collecting the amount of the note, but also in purging himself of the suspicion that he carried on or permitted gambling in his saloon.   This I do not think was sufficient to sustain the bur-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

den cast upon him. If he had reasons to doubt the genuineness of the telegram, he could have questioned defendant, or produced the original telegram from the company's office; but he apparently was content with merely denying that he sent it, and left the question of veracity to the trial judge, who erred in accepting plaintiff's bare denial as an impeachment of the defendant's testimony. I think the judgment of the court below was clearly against the weight of evidence, and that it should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.